# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL MCDONALD, <br><br> Petitioner, <br> v. <br><br> SHERIFF JOE LOMBARDO, et al., <br><br> Respondents. | Case No. 2:19-cv-01808-RFB-NJK <br><br> **ORDER** |

Petitioner Michael McDonald initiated this case by filing a pro se Petition for Writ of Habeas Corpus, ECF No. 1-1, and paying the five dollar filing fee. This matter is before the Court for initial review pursuant to the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court dismisses the petition as improperly commenced.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See also Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. See Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998).

McDonald is charged in an information filed on August 7, 2018, in the Eighth Judicial District Court for Clark County, Nevada ("state court"). State of Nevada v. Michael Lee McDonald, Case No. C-18-333681-1.[2] The information alleges five felony charges for unlawful interception of wire communications, and trial is currently set for this month, October 2019.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] This Court takes judicial notice of the proceedings in McDonald's criminal case in the state court. The register of actions indicates that trial is set for October 23, 2019. The state court's docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx.

1

McDonald's petition attempts to bring a pretrial challenge to his pending information pursuant to 28 U.S.C. § 2241. ECF No. 1-1 at 3. He alleges four grounds for violation of his rights to due process, speedy trial, compulsory process for obtaining witnesses in his defense, effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments, as well as rights to be free of cruel and unusual punishment under the Eighth Amendment. Id. at 7–9. However, McDonald represents that he has not filed any appeal or grievance, or sought any administrative remedy. Id. at 3–6. The request for relief seeks McDonald's release from Clark County Detention Center ("CCDC"),[3] for his charges to be dismissed in Case No. C-18-333681-1 and other cases, and monetary compensation. Id. at 9.

Here, the petition is subject to two substantial defects. First, the petition improperly seeks federal judicial intervention in a pending state criminal proceeding. The Younger abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 53–54 (1971). The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013) (emphasis added); Gilbertson v. Albright, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his or her defense of the criminal case. Younger, 401 U.S. at 46.

Second, McDonald has not alleged or demonstrated that he fully exhausted his state court remedies. A criminal defendant seeking federal habeas relief to restrain ongoing state criminal proceedings must fully exhaust his state court remedies before presenting his constitutional claims

---

[3] The Court also takes judicial notice of the online records from CCDC, which confirm whether a criminal defendant is in state custody. A search of current detainees indicates that McDonald is not in custody at CCDC. The "in custody" search may be accessed by the public online at: http://www.clarkcountynv.gov/ccdc/Pages/InCustodySearch.aspx?H=redrock&P=ccdcincustody/inCustodySearch.aspx.

to the federal courts. E.g., Arevalo v. Hennessy, 882 F.3d 763, 764–67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court, each of which was denied). The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct alleged violations of federal constitutional guarantees. Coleman v. Thompson, 501 U.S. 722, 731 (1991). As a general rule, a federal court will not entertain a petition seeking intervention in an ongoing state criminal proceeding absent extraordinary circumstances, even when a petitioner's claims were otherwise fully exhausted in the state courts. E.g., Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); Carden v. Montana, 626 F.2d 82, 83–85 (9th Cir. 1980).

No extraordinary circumstances are presented here. McDonald seeks to challenge the charges alleged against him in the information pending before the state court. ECF No. 1-1. To the extent that he alleges limitations on his due process or equal protection rights based on an erroneous indictment, his situation is not different in substance from any criminal defendant facing potential loss of constitutional rights in a pending criminal prosecution—including the most fundamental right to liberty. Defendants in state criminal proceedings routinely allege that state charges violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. In addition, McDonald' pretrial motion practice or defenses at trial may eliminate any threat to his federally protected rights. For these reasons, abstention is required.

Given the two substantial defects presented, this matter will be dismissed without prejudice. Dismissal of this action without prejudice will not materially impact the analysis of any issue in a later filed habeas proceeding, or otherwise result in substantial prejudice.

**IT IS THEREFORE ORDERED:**

1. Petitioner Michael McDonald's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1-1, is DISMISSED without prejudice as improperly commenced.

2. A certificate of appealability is DENIED, as jurists of reason would not find dismissal of the petition to be debatable or wrong.
3. The Clerk of Court shall CLOSE this case and ENTER judgment accordingly, dismissing this action without prejudice as improperly commenced.
4. McDonald may not file any further documents in this closed case, save and except for a motion seeking reconsideration of this order or relief from the judgment entered. Any further filings or requests for relief must be presented in a new case with a new case number.

DATED this 21st day of October, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**